1  AARON S. CRAIG (Bar No. 204741)
     *acraig@kslaw.com*
2  KING & SPALDING LLP
   633 West Fifth Street, Suite 1600
3  Los Angeles, CA 90071
   Telephone:  (213) 443-4355
4  Facsimile:   (213) 443-4310

5  Attorneys for Plaintiff
   AVENUE HOSPITALITY GROUP, LLC

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| AVENUE HOSPITALITY GROUP, LLC,<br><br>Plaintiff,<br><br>v.<br><br>AVENUE RESTAURANT AND MUSIC LOUNGE,<br><br>Defendant. | Case No. 8:19-cv-00687-AG-DRM<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS, TO TRANSFER DOMAIN NAME AND TO BLOCK USE OF MARK ON SOCIAL MEDIA**<br><br>*[Proposed Order submitted concurrently herewith]*<br><br>Hearing Date:  November 4, 2019<br>Time:  10:00 a.m.<br>Courtroom:  10D<br><br>Complaint Served:  April 12, 2019 |

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO RECOVER ATTORNEYS' FEES AND COSTS

**TO THE COURT AND DEFENDANT AND ITS ATTORNEYS:**

**PLEASE TAKE NOTICE** that on November 4, 2019, at 10:00 a.m., or as soon thereafter as the matter may be heard in the above-captioned Court, located at 411 W. Fourth Street, Courtroom 10D, Santa Ana, California, Plaintiff Avenue Hospitality Group, LLC ("Plaintiff") will and hereby does move this Court pursuant to Federal Rule of Civil Procedure 54(d)(2) for an award of attorneys' fees in the amount of $32,364.74, for an order to transfer a domain name and to block Defendant's use of Plaintiff's mark on social media, and for other and further relief as the Court deems just and proper (the "Motion").

Plaintiff has attempted compliance with Local Rule 7-3 by sending a letter dated September 4, 2019 to the Defendant and its Agent for Service of Process, George Escalante, seeking to discuss a potential compromise regarding Plaintiff's Motion, and following up with telephone calls and text messages. (Declaration of Aaron Craig ("Craig Decl.") ¶¶ 2-3.) To date, Defendant has not responded. (Id.) Accordingly, Plaintiff now seeks full recovery of its attorneys' fees and costs through this Motion, as well as an order to transfer a domain name containing Plaintiff's mark to Plaintiff and to block Defendant's use of Plaintiff's marks on social media.

Plaintiff's Motion for Attorneys' Fees is based on this Notice of Motion and Motion, and the concurrently-filed Memorandum of Points and Authorities; the pleadings and records on file in this case; and other such pleadings and oral argument as may be presented to the Court at any hearing on this Motion. In an abundance of caution, Plaintiff is serving the Motion and the supporting papers on Defendant's registered agent for service of process concurrently with filing.

Dated: September 25, 2019        KING & SPALDING LLP

By: _____
AARON S. CRAIG
Attorneys for Plaintiff
AVENUE HOSPITALITY GROUP, LLC

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

During the period from the filing of this present action through the present, King & Spalding LLP has represented Plaintiff Avenue Hospitality Group, LLC ("Plaintiff"), a limited liability company formed in New York. On August 26, 2019, the Court entered default judgment in favor of Plaintiff and issued a judgment ordering that Plaintiff recover its attorneys' fees and costs. Accordingly, Plaintiff now moves for an award of attorneys' fees and costs based on this Court's Order of Judgment and on the additional grounds that Plaintiff is entitled to fees under the Lanham Act as the prevailing party in this action. Because Defendant continues to use Plaintiff's "Avenue" mark in connection with a domain name and on social media, Plaintiff asks for the court to enter an order directing a domain name registrar to transfer ownership of a domain, and Facebook and Instagram to disable certain accounts/pages using the "Avenue" mark.

Counsel was qualified to handle this matter, and they seek customary and reasonable hourly billing rates ranging from $250 to $715, which are below these attorneys' regular national rates of $350 for staff attorneys to $1,035 for partners. (Declaration of Aaron S. Craig ("Craig Decl.") ¶ 9.) As discussed below, these rates are consistent with or below that of the legal market in Los Angeles. The contemporaneous time records of Plaintiff's counsel reflect that 47.4 hours of attorney time were expended through August 31, 2019 and an estimated 15 hours in September 2019. Based on prevailing market rates, this time amounts to $32,364.74 in attorneys' fees.

## II. BACKGROUND

Plaintiff is a limited liability company formed in New York and operates AVENUE restaurants and nightclubs in New York and Los Angeles. On April 11, 2019, Plaintiff filed the Complaint in this present action pursuant to the Lanham Act, 15 U.S.C. §§ 1051 et seq, related state laws and the common law, arising out of

Defendant's infringement of Plaintiff's rights in Plaintiff's AVENUE and AVE. marks. (Dkt. No. 1.)  Through its Complaint, Plaintiff sought injunctive and monetary relief. On April 12, 2019, Defendant Avenue Restaurant and Music Lounge ("Defendant") was served with a copy of the Summons and Complaint in this action.  However, Defendant failed to file an answer or response to the Complaint within the time required by the Federal Rules of Civil Procedure.  Plaintiff moved for entry of default against Defendant on May 13, 2019, which was entered by the clerk on May 14, 2019.  (Dkt. Nos. 11, 12.)  Defendant has not sought relief from the entry of default.

Thereafter, on June 10, 2019, Plaintiff filed a Motion for Entry of Default Judgment, permanent injunctive relief, and attorneys' fees and costs pursuant to Federal Rule of Civil Procedure 55(b). (Dkt. No. 14.)  After having considered the clerk's Entry of Default against Defendant on May 14, 2019 and Plaintiff's Motion for Entry of Default Judgment, this Court entered judgment on August 26, 2019 against the Defendant on all causes of action and enjoined Defendant from engaging in any infringing activity, engaging in any unfair competition with Plaintiff, and engaging in any deceptive acts.  (Dkt. No. 20.)  Moreover, this Court ordered "that Plaintiff shall recover from Defendant reasonable attorneys' fees and costs in pursuing this action." (*Id.*)  Plaintiff, accordingly, now brings this timely-filed instant Motion setting forth the amount of attorneys' fees and costs expended in this action.

After entry of the judgment, on September 4, 2019, Plaintiff's counsel sent to Defendant, via email and overnight delivery, a copy of the judgment and a letter explaining what the judgment says and its importance, and asking Defendant to please contact Plaintiff's counsel. (Craig Decl. Exh. A.)  On September 10 and 12, 2019, Plaintiff's counsel attempted to call Defendant's principal George Escalante, but the calls went to voicemail, and Mr. Escalante's voicemail box was full. (Craig Decl. ¶ 3.) After the second attempted call, Plaintiff's counsel sent a text message to Mr. Escalante, saying "It's Aaron Craig (the lawyer for Avenue Hospitality).  Please call me about my letter/email of last week.  I've tried to call you but your voicemail box is full." (Craig

Decl. ¶ 3.) No response has been received from Defendant. (Craig Decl. ¶ 3.)

As of September 24, 2019, Defendant continues to use "Avenue" in a domain name and on Instagram and Facebook. The domain name www.avenueorangecounty.com automatically redirects to the site for a nightclub restaurant, www.diablosmusiclounge.com, located in the same location as Defendant's former "Avenue" club. (Craig Decl. ¶ 4.) On Instagram, the name "Avenue" is currently being used on pages for "oc_nightlife_formerly_avenueoc" and "avenueorangecounty." (Craig Decl. Exhs. B-C.) And on Facebook, Defendant currently uses "Avenue" on pages for "Avenue OC" and "Avenue Anaheim." (Craig Decl. Exhs. D-E.)

### III. ARGUMENT

#### A. This Court's Order Awarding Attorneys' Fees and Costs Was Proper

First, Plaintiff moves for an award of attorneys' fees and costs on the ground that this Court issued a judgment ordering that Plaintiff recover its costs and attorneys' fees. Plaintiff filed, on June 10, 2019, a Motion for Entry of Default Judgment, Permanent Injunctive Relief, and Attorneys' Fees against Defendant. (Dkt. No. 14.) The Court thereafter issued a Judgment on August 26, 2019, granting Plaintiff's request for injunctive relief. (Dkt. No. 20.) As part of this Judgment, the Court ordered that Plaintiff "shall recover from Defendant reasonable attorneys' fees and costs in pursuing this action." (*Id.* at 2.) As will be explained in detail below, the Court properly ordered such recovery because Plaintiff is entitled to attorneys' fees under the Lanham Act.

#### B. Plaintiff Is Entitled To Recover Attorneys' Fees Under The Lanham Act

The Lanham Act permits the award of attorneys' fees in exceptional cases. 15 U.S.C. § 1117(a). Here, Plaintiff is entitled to attorneys' fees because it is the prevailing party and this case is "exceptional" because, as discussed below, Defendant has failed to respond in this action and continues to violate the Court's orders. *See* 15 U.S.C. § 1117(a) ("The court in exceptional cases may award reasonable attorney fees to the

prevailing party.").

First, the Court's default judgment order in favor of Plaintiff renders Plaintiff the prevailing party. *See Farrar v. Hobby*, 506 U.S. 103, 111–12 (1992) (illustrating that a party prevails "when actual relief on the merits of [the plaintiff's] claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff."); *see also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (holding that a prevailing party is one that "succeed[s] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit") (citation omitted).

Second, the Court in its equitable discretion may award fees to the prevailing party in an exceptional Lanham Act case. To determine if a case is "exceptional," a district court is to assess the "totality of the circumstances," and based on that review, decide if the action is one that "stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179, 1180 (9th Cir. 2016) (quoting *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014)) (overruling the "malicious, fraudulent, deliberate, or willful" test and imposing a less stringent "totality of the circumstances" standard); *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1985 (2016) (setting forth the same factors in determining whether attorneys' fees are appropriate in a copyright infringement context). There is no "precise rule or formula for making these determinations," and a district court should exercise "equitable discretion" in light of a "'nonexclusive' list of 'factors,' including frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *SunEarth*, 839 F.3d 1179,1180-81 (quoting *Octane Fitness*, 134 S. Ct. at 1756 & n.6). Here, this case is "exceptional" as that term is defined in the Lanham Act, 15 U.S.C. § 1117, because of Defendant's

failure to respond to any of Plaintiff's extensive pre-suit communications, Defendant's failure to respond to the complaint in this matter, Defendant's use of marks identical to Plaintiff's registered and incontestable trademarks for identical services, and Defendant's continued use of Plaintiff's trademarks even after entry of this Court's judgment. Thus, under the Lanham Act, Defendant's actions entitle Plaintiff to an award of its fees and costs incurred in protecting its rights.

### C. Plaintiff's Attorneys' Fees are Reasonable

Courts can engage in either a "global" or "granular" fee analysis to evaluate the reasonableness of a request for attorney's fees. *Universal Electronics, Inc. v. Universal Remote Control, Inc.*, 130 F. Supp. 3d 1331, 1334-36 (C.D. Cal. 2015). Plaintiff's request is reasonable under either approach.

Under the global approach, Plaintiff's request of $32,364.74 is more than reasonable in light of the work involved, to wit, (1) attempting to engage Defendant in pre-filing discussions about Defendant's use of Plaintiff's marks; (2) preparing, filing and serving a Lanham Act Complaint; (3) preparing, filing, serving, and appearing for a hearing on a motion for default judgment; (4) preparing this Motion; and (5) apprising the client of all developments.

In the Ninth Circuit, where courts calculate an award of attorneys' fees using the lodestar method, they multiply "the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). Fee awards calculated using this method are "presumptively reasonable." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1208–09 (9th Cir. 2013). This is true regardless of the overall size of the resulting award. *See Graham-Sult v. Clainos*, 756 F.3d 724, 751–52 (9th Cir. 2014); *Maloney v. T3Media, Inc.*, No. CV 14-05048-AB VBKX, 2015 WL 3879634, at *10 (C.D. Cal. May 27, 2015) ("[A] fee award is not unreasonable simply because it involves a lot of money.").

A reasonable hourly rate is one "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and

reputation." *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001). Intellectual property firms in Los Angeles and Orange County regularly bill in the range of $600-$1,100 per hour. *Universal Electronics*, 130 F. Supp. 3d at 1337. A National Law Journal report of the priciest law firms found that average partner rates range from $715 to $1,055 per hour. *Id.* at 1337-38. Here, the hourly rates requested by Plaintiff are below that rate, which range from $250 for staff attorneys to $715 for partners. (Craig Decl. ¶ 9.)

These rates are consistent with hourly rates approved by this Court. For example, twelve years ago, this Court found that it was reasonable for a Los Angeles firm to bill $220 per hour for its senior paralegals and up to $690 per hour for its partners. *See Love v. Mail on Sunday*, No. 05-7798, 2007 WL 2709975, at *8 (C.D. Cal. Sept. 7, 2007). Attorneys Aaron S. Craig and Kathleen E. McCarthy performed the bulk of the work in this case. Mr. Craig's rate reflects his 20 years of experience, most of it concentrated in complex commercial litigation and intellectual property, patent, trademark and copyright litigation. Ms. McCarthy's rate reflects her over 30 years of experience focused in trademark, copyright, design and advertising law. Their rates are well within the range of rates charged by experienced counsel and are reasonable based on the experience and quality of the counsel needed to bring Plaintiff's claims.

A court may award attorneys' fees for the number of hours it concludes were reasonably expended litigating the matters for which fees are to be awarded. The appropriate number of hours includes all time "reasonably expended in pursuit of the ultimate result achieved in the same manner that an attorney traditionally is compensated by a fee-paying client for all time reasonably expended on a matter." *Hensley v. Eckerhart*, 461 U.S. 424, 431 (1983). As a general matter, a district court "should defer to the winning lawyer's professional judgment" as to how many attorney hours the case required. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). To deny compensation, "it must appear that the time claimed is obviously and convincingly excessive under the circumstances." *Blackwell v. Foley*, 724 F. Supp. 2d

1068, 1081 (N.D. Cal. 2010) (quoting *Perkins v. Mobile Housing Bd.*, 847 F.2d 735, 738 (11th Cir. 1988)).

Here, the services rendered in representing Plaintiff included, among many other tasks, conferring with the Plaintiff to give it counsel and advice regarding the litigation, drafting the Complaint, steering multiple attempts at reaching resolution of the claims with Defendant and Defendant's counsel, drafting the Motion for Entry of Default and related filings, attending and arguing the default judgment hearing, and drafting the instant Motion for Attorneys' Fees. In addressing the issues presented by this litigation, counsel carefully apportioned work and avoided duplication of effort, and have exercised billing judgment to refrain from claiming duplicative hours.

King & Spalding's invoices to the client for this matter are submitted herewith. (Craig Decl. Exhs. F-N.) Four of these invoices include a small number of entries for another matter relating to these same trademarks; these entries have been redacted and the costs associated with them not included in the amount requested here. (Craig Decl. ¶¶ 11, 12, 15, 17.) In total, counsel for Plaintiff expended 47.4 hours on this matter through August 31, 2019. In September 2019, Plaintiff's counsel has spent approximately 15 hours of additional time reaching out to Defendant, and preparing this Motion. (Craig Decl. ¶ 20.) Multiplying these hours spent by Plaintiff's attorneys by their rates billed to the client, the total lodestar amount requested by Plaintiff is $32,364.74, an amount that is entirely reasonable.

Plaintiff further notes that if Defendant had simply responded to Plaintiff's communications prior to filing the Complaint and ceased using Plaintiff's marks, nearly the entire amount of this expense could and would have been avoided.

### D. The Court Should Enter an Order Relating to Defendant's Domain Name and Social Media Accounts

Notwithstanding the August 26, 2019 judgment and the Plaintiff's efforts to engage with Defendant, Defendant has buried its head in the sand, ignored the importance of the judgment against it, and continues to use Plaintiff's mark in a domain

name and on social media accounts to publicize its establishment. Defendant is in contempt of the injunction. Facebook, Instagram and domain name registrars like the Tucows registrar used by Defendant have internal procedures whereby they will promptly disable accounts or transfer domain names with a court order that includes specific language directing the actions to be taken. As Tucows Domains Inc. ("Tucows") specifies in its Help page regarding submitting court and legal documents, Tucows need not be named in a legal dispute regarding a domain name registered at Tucows. (Craig Decl. Exh. O.) Rather, "Tucows will comply with any Order issued by a court of competent jurisdiction regarding the final disposition of the domain name at issue." (*Id.*) The court order must simply include the affected domain name(s), the specific action that Tucows or the registrar of record is being requested to take regarding the domain name, and if plaintiff is seeking control of a registrant's domain name, the specific domain name(s). (*Id.*) Thus, in order to give effect to the judgment (and to stop Defendant from being in contempt of the injunction and facing much more severe penalties), Plaintiff asks the Court to enter the order lodged concurrently herewith, which Plaintiff believes will successfully induce Facebook and Instagram to disable Defendant's accounts containing in their name the "Avenue" mark and/or the use of the "Avenue" mark on those accounts, and cause the registrar of the domain name www.avenueorangecounty.com to transfer ownership of that domain name to Plaintiff.

## IV. CONCLUSION

For the foregoing reasons, the Court should grant Plaintiff's request for attorneys' fees in the amount of $32,364.74, and to enter the Plaintiff's requested order relating to Defendant's domain name and social media accounts containing Plaintiff's marks.

Dated: September 25, 2019    KING & SPALDING LLP

By: _____
AARON S. CRAIG
Attorneys for Plaintiff
AVENUE HOSPITALITY GROUP, LLC